UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

**HYWEL CHANNING BOWMAN**                                        **PLAINTIFF**

**v.**                                             **CIVIL ACTION NO. 1:24-CV-00074-JHM**

**JEB DENNIS** *et al.*                                              **DEFENDANTS**

<u>**MEMORANDUM OPINION**</u>

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court for screening of this action pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss this action.

**I.**

Plaintiff initiated this action on a 42 U.S.C. § 1983 prisoner civil-rights complaint form (DN 1). He names as Defendants Jeb Dennis and Christopher Ahlers, his public defenders in an ostensibly ongoing state-court criminal action, who are employed by the Kentucky Department of Public Advocacy (DPA). Plaintiff sues Defendants in both their "official" and "individual" capacities. Plaintiff alleges that Defendant Ahlers represented Plaintiff at a pretrial conference and that his performance was so "unreasonable" and "ineffective" that the presiding judge removed him as Plaintiff's counsel. Plaintiff alleges that Defendant Dennis was then appointed as his defense counsel, and that both Defendants violated his Sixth and Fourteenth Amendment rights by, among other things, failing to "file for a speedy trial," file certain pretrial motions, such as motions to suppress or quash, or properly investigate his case. Plaintiff also states that it is a "custom of the Dept of Advocacy to violate the rights of its clients."

As relief, Plaintiff seeks damages and the appointment of different counsel.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972). The duty to be less stringent with *pro se* complaints, however, "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted), and the Court is not required to create a claim for a *pro se* plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**III.**

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Defendants Dennis and Ahlers

Plaintiff's claims against Defendants Dennis and Ahlers fail because it is firmly established that a defense attorney, regardless of whether he is a public defender or a private attorney, is not a state actor for purposes of § 1983. *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) ("[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983."). Thus, Plaintiff's claims against Defendants Dennis and Ahlers must be dismissed for failure to state a claim upon which relief may be granted.

### B. Kentucky Department of Public Advocacy

Because Plaintiff indicates that he is suing Defendants Dennis and Ahlers in their "official" capacities and makes an allegation against the DPA, the Court will construe the complaint as asserting a claim against the DPA. "The Eleventh Amendment 'bars all suits,

whether for injunctive, declaratory or monetary relief, against the state and its departments.'" *Sefa v. Kentucky*, 510 F. App'x 435, 437 (6th Cir. 2013) (quoting *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993)); *see also Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144-47 (1993). Kentucky courts have consistently recognized that the DPA is a state agency for Eleventh Amendment purposes. *See, e.g.*, *Lowe v. Ky. Court of Justice*, No. 2:14-168-KKC, 2015 U.S. Dist. LEXIS 43527, at *6 (E.D. Ky. Apr. 2, 2015) ("Ky. Rev. Stat. 31.010 establishes DPA as state agency for Eleventh Amendment purposes") (citing *Westermeyer v. Ky. Dep't of Pub. Advocacy*, No. 2:10-131-DCR, 2011 U.S. Dist. LEXIS 21629, at *9 (E.D. Ky. Mar. 3, 2011)). Thus, any claim Plaintiff brings against the DPA fails to state a claim upon which relief may be granted because it is barred by the Eleventh Amendment.

### C. Injunctive Relief

Moreover, even if Plaintiff had stated viable claims, this Court could not provide the injunctive relief that he seeks – replacement of his defense counsel with another attorney. The doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), requires the Court to abstain from interfering in ongoing criminal proceedings. The doctrine "provides that a federal court should abstain from interfering in a state court action when (1) there is an ongoing state judicial proceeding, (2) the state proceeding implicates important state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges." *Graves v. Mahoning Cnty.*, 534 F. App'x 399, 406 (6th Cir. 2013) (citing *Fieger v. Cox*, 524 F.3d 770, 775 (6th Cir. 2008)). The Commonwealth of Kentucky has an important interest in adjudicating Plaintiff's criminal action, and Plaintiff has not articulated any reason to believe that the Kentucky state courts will not fully and fairly litigate his constitutional claims. If he is found

guilty of the charges against him, he still has a number of state-court remedies available to him, including the Kentucky state appeals process and post-conviction relief.

## IV.

For the reasons set forth herein, the Court will enter a separate Order dismissing this action.

Date: June 7, 2024

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.011